UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                 Case No. 23-CR-67

MICHAEL A. CONNOR,

                Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, Megan J. Paulson and Jonathan H. Koenig, Assistant United States Attorneys, and the defendant, Michael A. Connor, individually and by attorney Gabriela Leija, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a three-count indictment. Count One alleges a violation of Title 18, United States Code, Sections 2422(b); Count Two alleges a violation of Title 18, United States Code, Section 2251(a); and Count Three alleges a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

1

4.     The defendant voluntarily agrees to plead guilty to Count One of the indictment, which is set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Between approximately March 25, 2022, and August 18, 2022, in the State and Eastern District of Wisconsin and elsewhere,

## MICHAEL A. CONNOR,

using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, namely, sexual contact and sexual intercourse in violation of Wisconsin Statute Section 948.02(2) (second-degree sexual assault of a child).

In violation of Title 18, United States Code, Section 2422(b).

5.     The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On May 27, 2022, the Green Lake Police Department, (GLPD), received a call from the victim's, (K.G. dob -/-/2006), mother stating she found text messages between the victim and the defendant, that the defendant appeared to be much older than the victim, and that the defendant was sending her daughter pictures of his penis and multiple sexual messages. The GLPD received consent to search the victim's phone and found the number with which she was communicating. A search warrant was conducted on this phone number and showed that it was listed to the defendant, a 53-year-old California resident. The investigation further showed that the defendant and the victim met on approximately March 25, 2022, on the adult website "sugardaddy.com." After communicating on "sugardaddy," they then began communicating via text messaging and had over 500 contacts with one another between March 25, 2022, and May

2

27, 2022. The victim initially told the defendant she was 18 years old, but that she was still in high school and lived with her parents. The defendant offered to host her in San Diego, or to visit her at a hotel in Wisconsin.

The defendant eventually requested pictures of the victim and told her "…I have been horny as all day thinking about it." The victim sent pictures of herself in her bra and underwear. The victim asked if the defendant had any recommendations for photos, and when the defendant asked to "see your tits unconvered next," the victim replied "no not yet to embarrassed" and "But I promise I will…later." On a later date when the victim send the defendant a picture of her vagina, he responded by saying, " …that is so hot, I want to fuck you so bad…" The defendant then sent her a picture of his erect penis. The victim responded "Wow, send video," and the defendant sent a video of himself masturbating. The victim and the defendant discussed prices he would pay for her to send more pictures. The victim received several amazon packages from the defendant at her address in Green Lake in exchange for sending him photos and videos of herself in various sexual positions. The items that the victim received included a cosplay outfit, and two wigs. In addition, the defendant sent the victim a total of $140 via CashApp on two occasions.

On July 11, 2022, an undercover officer (UCO), pretending to be the victim, reestablished phone contact with the defendant. The UCO apologized for losing touch with him and explained that she had lost her phone privileges due to her grades and bad attitude. She abruptly told the defendant that Appleton was the closest airport, asked if he could teach her strip poker, and asked "are you ever gona come see me." She also explained that "since getting this dumb flip phone meeting in person is the only option." She told the defendant she failed 10th grade and had to redo the grade. She explained how she was only now allowed to have a flip phone so she could no longer share pictures or videos of herself. The defendant told her that he though he could visit her in August and told the UCO/"victim" he'd be open to cosplay if she could sneak it out of the house.

Between July 10, 2022, and August 19, 2022, they continued to speak in very sexually explicit ways and discussed payments the defendant would make in exchange for various sexual favors performed by the UCO/"victim." Between August 3, 2022, and August 9, 2022, the defendant continued to express interest in traveling to Wisconsin to see the UCO/victim. During one communication on August 10, 2022, the UCO/"victim" told the defendant that she was about to turn 16 years old. The defendant asked, "but you said 16…are you really 15, not 18 years old?" The UCO/"victim" told him that she "had to create an account for 18 but told you I failed 10th. I'm sorry. U seemed ok with it?" The defendant responded, "oh, I missed that. But yeah, it's ok," and "TBH it's pretty hot." The defendant told the UCO/"victim" that he wanted her even more and it's a dream for him especially at her age. Also on August 10, 2022, the defendant asked the UCO/"victim" about when her last period was as he "…wants to make sure he is free to eat her pussy as much as I want." That same day, the defendant confirmed that he would be flying into Appleton, Wisconsin, on August 18, 2022, and leaving on August 23, 2022. He stated he had a room reserved at the Heidel House in Green Lake and was going to rent a car.

Investigators confirmed that the defendant had booked a flight on American Airlines from Santa Ana, California, to Appleton, Wisconsin, arriving on August 18, 2022, and departing

3

on August 23, 2022. Investigators also confirmed that the defendant had booked a room at the Heidel House during those travel dates.

Before the defendant departed California, he described via text message several sexual acts he wanted to engage in with the UCO/"victim." He also described how he was planning to photograph her, including as follows:

- If you are able to take pics I want you to rub your clit until it get really hard and swollen. Pic of it up close;

- I keep thinking about taking pictures of your pussy upskirt in your outfit, then fucking you from behind;

- I look at naked pics to get off though it had been your pics and my plans for you that have been the most stimulating. I will be taking many pics and video of you and us this weekend to have when I'm with you; and

- Yeah. Thought we might go to Appleton one day to shop for the perfect dress for my little girl. Could see if we can find safe to use paint. I'll show you pictures of painting I've done. I'm not great but it would be a huge turn on to paint your pussy and take pictures.

On August 18, 2022, the defendant exited the airplane in Appleton, Wisconsin, and was immediately arrested and read his Miranda warnings. During the subsequent interview, the defendant admitted to meeting the victim on a website and chatting with her online for a couple months. He stated that his intentions were to meet her, take her to dinner, and to get to know her. Investigators located the following items in his luggage and on his person: an iPhone on his person, a hard drive, a laptop, costume wear, several bedazzled undergarments, sex toys, a box of plan B contraception, vape juice, medications, unknown clear substances, and $5,805 in cash.

A forensic interview was conducted of the victim, K.G., on June 9, 2022. She told the forensic interviewer that she met the defendant on "sugar daddy." She acknowledged that she sent the defendant several naked images and videos and received several naked pictures and videos of the defendant. She admitted to receiving money and gifts from the defendant after she sent him pictures and videos of herself.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

Case 2:23-cr-00067-BHL   Filed 03/18/24   Page 4 of 15   Document 43

## PENALTIES

6.     The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum penalties:   A minimum of 10 years' imprisonment with a maximum of life imprisonment; five years to life of supervised release; up to a $250,000 fine; and a mandatory special assessment in the amount set forth in 18 U.S.C. §§ 3013 and 3014.   The parties further recognize that a restitution order may be entered by the court.

## DISMISSAL OF REMAINING COUNTS OF INDICTMENT

7.     The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

8.     In order to sustain the charge of attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b), as set forth in Count One of the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

**First**:     the defendant used a facility or means of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce an individual under the age of eighteen to engage in sexual activity; and

**Second**:     the defendant knew or believed that such individual was less than 18 years of age; and

**Third**:     if the sexual activity had occurred, the defendant would have committed the criminal offense of Second-Degree Sexual Assault of a Child, contrary to Wisconsin Statute § 948.02(2).

## SENTENCING PROVISIONS

9.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days

5

before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

14.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating

6

the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15.    The parties agree to recommend to the sentencing court that the applicable base offense level for Count One is 24 under Sentencing Guidelines Manual § 2G2.2(a)(1).

## Specific Offense Characteristics

16.    The parties agree to recommend to the sentencing court that a two-level increase for use of a computer under Sentencing Guidelines Manual § 2G2.2(b)(6) is applicable to the offense level for Count One.

## Acceptance of Responsibility

17.    The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18.    Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19.    Both parties reserve the right to make any recommendation regarding any and all factors pertinent as they affect sentencing.  Both parties reserve the right to argue the amount of

7

restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

20.     The parties agree that both sides will be free to argue for what they deem to be an appropriate sentence.   The government agrees not to recommend more than 20 years in prison.

## Court's Determinations at Sentencing

21.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.  The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule.  The defendant agrees not to request any delay or stay in payment of any and

8

all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

24.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

25.     The defendant agrees to pay the special assessment in the amount of $100 or $5,000.00 if the court determines the defendant is non-indigent prior to or at the time of sentencing or upon further order of the court.

## Restitution

26.     Pursuant to 18 U.S.C. § 3663, the defendant agrees to pay restitution as determined by the Court for the victims' losses for the conduct described in the charging instrument, statement of facts, and any relevant conduct including the counts that will be dismissed at the sentencing hearing, and specifically including the minors identified as a victim by law enforcement. The defendant agrees that the minors are properly considered a "crime victim" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing.

9

27.     The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

<u>**DEFENDANT'S WAIVER OF RIGHTS**</u>

28.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a.     If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.     At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

10

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29.     The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30.     The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31.     The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

32.     Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this

11

paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## Further Civil or Administrative Action

33.    The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

34.    Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location

12

of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

### GENERAL MATTERS

35.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the

13

government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

Case 2:23-cr-00067-BHL   Filed 03/18/24   Page 14 of 15   Document 43

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/14/24

_____
MICHAEL A. CONNOR
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/14/24

_____
GABRIELA LEIJA
Attorney for Defendant

For the United States of America:

Date: 3/15/24

_____
GREGORY J. HAANSTAD
United States Attorney

Date: 3/15/24

_____
MEGAN J. PAULSON
Assistant United States Attorney

Date: 3/15/24

_____
JONATHAN H. KOENIG
Assistant United States Attorney

15