# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 23-cr-0067-bhl <br> USM Number: 55289-510 |
| MICHAEL A. CONNOR | |
| | <u>Gabriela Leija</u>     <u>Megan Paulson & Jonathan Koenig</u> <br> Defendant's Attorney     Assistant United States Attorneys |

THE DEFENDANT pled guilty to Count One of the Indictment. The Court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Using a Computer to Attempt to Persuade, Induce, Entice a Minor to Engage in Unlawful Sexual Activity | August 18, 2022 | One |

The Court sentences the defendant as provided in this judgment. The Court imposes the sentence under the Sentencing Reform Act of 1984.

All remaining counts of the Indictment are dismissed upon motion of the United States.

The Court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: August 16, 2024

Hon. Brett H. Ludwig, United States District Court

Date Judgment Entered: August 16, 2024

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred and twenty (120) months.

☒ The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be considered for placement at a facility in the Southern District of California.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

## MANDATORY CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

3. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions below and on the attached page.

## CONDITIONS OF SUPERVISION

1. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment.
2. After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
3. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
4. The defendant must not knowingly leave the federal judicial district without first getting permission from the Court or the probation officer.
5. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.
6. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to their Fifth Amendment right against self-incrimination.
7. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where they work or anything about their work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

## CONDITIONS OF SUPERVISION (continued)

8. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

9. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with that person in any way.

10. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.

11. If the defendant is arrested or questioned by a law enforcement officer, the defendant must tell the probation officer within 72 hours.

12. The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the Court.

13. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer. The defendant is to refrain from the use of all alcoholic beverages throughout the supervised release term.

14. The defendant shall participate in a program of sex offender mental health assessment and treatment, as approved by his supervising probation officer, until such time as he is released from the program by his supervising probation officer. This assessment and treatment may include the polygraph to assist in planning and case monitoring. Any refusal to submit to such assessment or test as scheduled is a violation of the conditions of supervision. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer.

15. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to his supervising probation officer and to authorize open communication between his supervising probation officer and the treatment provider.

16. The defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to the installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. An officer may conduct an investigative search of the computer only when reasonable suspicion exists that the defendant has violated a condition of their release, and the computer may contain evidence of this violation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall pay all costs of participation in the computer monitoring program.

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

17. The defendant shall submit his person, property, house, residence, vehicle, office, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices, or media, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

18. The defendant shall not have contact with children under the age of 18 unless approved in advance, in writing, by his supervising probation officer, and then only in the physical presence of a responsible adult who has been advised of the defendant's criminal history of inappropriate contact with minors and shall report within 8 hours to the probation office any unauthorized contact with children.

19. The defendant is to pay the restitution at a rate of not less than $100.00 per month. The defendant will also apply 100 percent of any annual federal and/or state income tax refund(s) toward payment of any restitution and fine balance. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer.

20. The defendant is to provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports at the direction of his supervising probation officer.

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | Waived | $3,000.00 |

**The Court waives the mandatory $5,000.00 additional special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 due to the defendant's indigency.**

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
| Carol L. Hepburn<br>In trust for "Lily"<br>P.O. Box 17718<br>Seattle, WA 98127 | $3,000.00 |
| TOTAL: | **$3,000.00** |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

- ☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.
- ☒ Restitution amount ordered pursuant to plea agreement: $3,000.00.
- ☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
- ☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☒ restitution.

DEFENDANT: MICHAEL A. CONNOR
CASE NUMBER: 23-cr-0067-bhl

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $100.00 special assessment and the $3,000.00 restitution balance begins immediately.

After his release from custody, the defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) costs (if any, including the costs of prosecution).

☐ Joint and Several (Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate): _____

☐ The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: